Dear Mr. Marcantel:
You have requested our opinion as to the propriety of Parish Assessor extending the benefits of the homestead exemption as provided in Article 10, Section 4 of the Constitution to a residence which has been placed in a revocable inter vivos trust. For the reasons more fully set forth below, it is our opinion that the property described is not eligible for the exemption.
LSA-R.S. 9:1731 defines a trust as follows:
 "A trust as the term is used in this Code is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." (Emphasis added)
LSA-R.S. 9:1781 provides:
 "A trustee is a person to whom title to the trust property is transferred to be administered by him as a fiduciary."
LSA-R.S. 9:1801 provides:
 "A beneficiary is a person for whose benefit the trust is created and may be a natural person, corporation, partnership, or other legal entity having a capacity to receive property. Heirs, legatees and assignees of a designated beneficiary are not considered beneficiaries for the purpose of fixing the maximum allowable term of the trust."
LSA Constitution, Article 10, Section 4 provides in part:
 "The following property, and no other, shall be exempt from taxation . . . The homestead, bona fide, interpreted herein as consisting of a tract of land, . . . not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by every head of a family, or person having a mother or father, or a person or persons dependent on him or her for support, to the value of Two Thousand Dollars . . . of the assessed valuation; . . . the exemption of homesteads shall extend to the surviving spouse, or minor child or children, of a deceased owner and to the bona fide homestead when occupied as such and title thereto is in
either husband or wife, provided that the exemption shall not be extended to more than one homestead owned by the husband or wife." (Emphasis supplied).
From the foregoing, it appears that the entire scheme of the homestead exemption is designed to provide relief to the head of family or his surviving spouse and minor children, who has legal title to the property which he occupies as a homestead. In view of the very nature of the trust device, the legal title to the property is in fact transferred to the designated trustee for purposes of administration. Thus, it would appear obvious that no exemption is warranted for property in trust, the revocability of it notwithstanding.
However, if the settlor of the trust is also one of the trustees or he or his wife is the principal beneficiary of the trust then, and in that event, it is felt that the property would be eligible for the exemption as the beneficial interest in the property has been retained by the settlor, either in his capacity as trustee or beneficiary. If he has designated his wife as the sole principal beneficiary and a stranger is the trustee, then it would appear the property would be eligible for only the wife's one-half community interest in the exemption.
You did not indicate the details of the trust instrument in question as to whether the settlor served in the capacity of either trustee or beneficiary. We are thus unable to comment affirmatively on your particular case; however, we trust that the observations above would assist you in a resolution of the question.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
WJGjr/SOBjr/cw